IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David Brian Morgan,<br><br>         Petitioner,<br><br>vs.<br><br>United States of America, et al.,<br><br>         Respondents. | **ORDER**<br><br>Case No. 1:25-cv-022 |

  Petitioner, David Brian Morgan, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, or in the alternative a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on February 18, 2025.[1] (Doc. No. 2). For the reasons set forth below, this case is transferred to the United States District Court for the Western District of Oklahoma.

  Morgan was convicted by the Oklahoma District Court in Oklahoma County, State of Oklahoma, on March 30, 2011. (Doc. No. 2 at 2). He avers that the State of Oklahoma did not "properly take advantage of" Public Law 280 and contends the State did not have criminal jurisdiction over him.[2] Id. Morgan seemingly claims only the federal court had jurisdiction to prosecute him and contends he is serving an illegal sentence. Id. Morgan requests to be brought before this Court along with his custodian to determine whether his detention is lawful. Id. at 3.

  A writ of habeas corpus under Section 2241, as requested by Petitioner, may be issued if "[h]e is in custody in violation of the constitution or laws or treaties of the United States[.]" 28

---

[1] Morgan raises several ancillary claims that are irrelevant for purposes of the Court's decision.

[2] Because Morgan was not convicted by a federal court, 28 U.S.C. § 2255 does not apply to him. See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

-1-

U.S.C. § 2241(c)(3). A Section 2241 petition must be brought in the district where the petitioner is actually incarcerated. <u>Matheny v. Morrison</u>, 307 F.3d 709, 711 (8th Cir. 2002) (citing <u>Bell v. United States</u>, 48 F.3d 1042, 1043 (8th Cir. 1995)) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated[.]"); <u>see also</u> <u>United States v. Chacon-Vega</u>, 262 Fed. Appx. 730, 731 (8th Cir. 2008) ("Further, a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated.").

Currently, Morgan is confined in the Joseph Harp Correctional Center, Lexington, Oklahoma under the custody of the Oklahoma Department of Corrections, which is in the Western District of Oklahoma. (<u>See</u> Doc. No. 2 at 6; Doc. No. 2-1). Accordingly, this action should have been brought in the Western District of Oklahoma. Rather than dismissing, the Court finds transferring the case to the Western District of Oklahoma is the appropriate remedy at this time.

Accordingly, the Court has reviewed the record in this matter and relevant caselaw and **ORDERS** this case to be **TRANSFERRED** to the United States District Court for the Western District of Oklahoma for further consideration and handling of this matter.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2025.

　　　　　　　　　　　　　　　　　　　　*/s/ Clare R. Hochhalter*
　　　　　　　　　　　　　　　　　　　　Clare R. Hochhalter, Magistrate Judge
　　　　　　　　　　　　　　　　　　　　United States District Court